NOVITZKY et al. v. ROZNER.

(District Court, W. D. Pennsylvania. November Term, 1915.)

No. 1748.

COURTS ☞328(2)—JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY.

    An action for death of a little girl 3½ years old, brought by her father, *held* not to really and substantially involve a dispute or controversy over the sum of $3,000.

At Law. Action by Volante Novitzky and others against Morris Rozner. On motion to take off compulsory nonsuit. Denied.

Wilbur F. Galbraith, for plaintiffs.

John A. Metz, of Pittsburgh, Pa., for defendant.

BUFFINGTON, Circuit Judge. This case concerns the jurisdiction of the District Court of the United States for the Western District of Pennsylvania. It does not concern the right of the plaintiff to maintain a suit in some other court. It does not concern the plain-

tiff's right to have issues of fact determined by a jury. The case before us is not whether a trial judge shall encroach on the right of a jury to pass on the facts, but whether he meet the statutory duty imposed on him of himself determining whether this "suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court."

The jurisdiction of the District Court in this case rests on diversity of citizenship, and that the sum of $3,000 is really and substantially involved between the parties. After a full hearing of the parties on a former case, a jury determined the amount here in controversy was $900. On a motion to set aside such verdict as excessive, the trial judge granted such motion. The case came before the present trial judge, and after all the evidence the plaintiff could give was agreed upon and stipulated into the record, he reached the conclusion that the necessary jurisdictional sum of $3,000 was not really and substantially involved in this suit, and therefore he entered a compulsory nonsuit. Under the practice in this district, the grant of a compulsory nonsuit cannot be assigned as error, but a refusal to take off such nonsuit can be so assigned. In order, therefore, that the trial judge might have the benefit of a full argument of counsel on the evidence before the court, that he might have an opportunity to consider such evidence, make the findings of fact thereon, and put the record in shape for review, he has reconsidered the whole matter on this motion to take off the nonsuit.

The case was in trespass, and was to recover damages suffered by the plaintiff by reason of the death of his minor child, caused by the alleged negligence of the defendant. Such negligence, and the consequent death of the child thereby, is, for the purposes of this motion, assumed. The place of the negligence was in Westmoreland county, Pa.; both the parties and witnesses resided in that county; and the common pleas court of that county would have had jurisdiction of the cause, and it could have been tried in said court with more convenience and less expense to all parties. The plaintiff, however, had as his then counsel a member of the bar who practiced in Pittsburgh and who was not a member of the Westmoreland county bar. After hearing the statements of the present counsel and due consideration of the matter, we have reached the conclusion, and find it as a fact, that the underlying and substantial reason for bringing this suit in the federal and not in the state court was the personal convenience and interest of the plaintiff's then counsel. Such being the case, this court must therefore approach with the most careful scrutiny the question of fact, namely, whether the suit, thus brought for convenience, does really and substantially involve a dispute or controversy of $3,000. We have already seen a jury has decided it did not, that the first trial judge was of opinion it did not, and we now, with all possible evidence before us, find as a fact that this suit did "not really and substantially involve a dispute or controversy of three thousand dollars." To that finding we are forced by the proofs before us. The child, whose unfortunate injury and death was the subject-matter of this suit, was a little girl 3½ years of age. Her father was a subject of Russia, a day laborer; his children were all small; the mother did the

housework, and the father received the ordinary wages of a day laborer. The child was a normal one. The school law of Pennsylvania required that from the time this little girl was 8 until she was 16 she must attend day school. There was no proof of any special earning capacity the child had, or by heritage, environment, or otherwise she was likely to have, nor, indeed, any proof of any nature upon which a possible real and substantial contention could be made that the father was injured in a monetary way to the extent of $3,000 by the death of this little girl. Any finding that $3,000 was here involved would not rest on facts or proofs, and such a finding would have to be set aside as without foundation. There were in the very nature of things several years ahead during which the little girl would, from an economic standpoint, be an economic burden on the father. With the added burden of other small children in the family and with the limited means of the father, the child, even if there was evidence of abnormal capacity, would not have had any exceptional advantages. She could not enter into general employment until 16, and even that was between 11 and 12 years ahead. Such being the case, to say that this case did, when it began in 1915, really and substantially involve a dispute or controversy involving $3,000 of possible damage to the father, is to our mind simply not the truth and fact.

The statute makes it a trial judge's duty to determine that fact, and, having determined it, the statute further makes it his duty to proceed no further therein. We therefore refuse to take off the nonsuit, but we dismiss the suit without prejudice, for lack of jurisdiction, and in doing so we deem it proper to call the attention of the bar of the District Court to the fact that the duty of its members—for they are really officers of the court—is to see to it that the limited and conditional jurisdiction of the District Court be not resorted to, save when a case does "really and substantially involve a dispute or controversy" of the required jurisdictional amount.